IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICTOR HERNANDEZ, JANICE DEL VALLE, individually and as representatives of the minors VICTOR HERNANDEZ-DEL-VALLE and NATALIA HERNANDEZ-DEL-VALLE<br><br>Plaintiffs<br><br>vs<br><br>WILLIAM TURNER and CARIB CHRISTIAN SCHOOL<br><br>Defendants | CIVIL 09-1826CCC |

## OPINION AND ORDER

The action before us, brought against Carib Christian School and its principal William Turner, alleges that "due to a hostile working environment," plaintiff Janice Del Valle, a teacher at the school, "was constructively discharged in violation of law." Complaint, ¶5. It is also alleged that her son, Víctor Hernández Del Valle, (Víctor Jr.),[1] who "suffers from a medical disorder known as Albinism," (¶7) was rejected for admission to the school for the academic year 2007-2008 "due to the condition . . . and in violation of law." (¶8). It is averred in the complaint, at ¶10, that

> As a result of the incident with their son, Mrs. Del-Valle began to feel pressured by the administration and was harassed with innuendos and comments made about her which created a hostile working environment wherein she was forced out of the school through a constructive discharge.

The action is now before us on defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (docket entry 14), which plaintiff opposed (docket entry 18).

---

[1] These are the only plaintiffs who allege federal claims and, therefore, will be the only plaintiffs discussed in this motion.

CIVIL 09-1826CCC                                            2

**Pleading Standards–Motion to Dismiss**

Under Fed.R.Civ.P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While the rule does not require a detailed factual allegation, it does demand more than an unadorned, "the defendant-unlawfully-harmed-me "accusation. Iqbal v. Ashcroft, 129 S.Ct. 1937, 1949 (2009). A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2008). The tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Twombly, supra, at 555. The court must be able to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility."

Iqbal, supra, at 1949.

We, thus, must conduct our analysis by first identifying the allegations of the complaint that are no more than legal conclusions, which are not to be considered, and then zero on the well-pleaded nonconclusory factual allegations to determine whether they, by itself, plausibly give rise to an entitlement to relief. Having done so, we conclude that the complaint before us has failed to bring plaintiffs' federal claims "across the line from conceivable to plausible." Twombly, at 1955.

CIVIL 09-1826CCC                                    3

We are not bound to accept as true "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, at 1949 (quoting Twombly, 127 S.Ct. at 1955). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." Twombly, at 1955.

When applying these standards to plaintiffs' three-page complaint, we have only these factual allegations with which to work:  (1) Víctor Jr. has the medical disorder of albinism; (2) he allegedly met the requirements to enroll in the School, (3) he was denied admission to the School for the academic year 2007-2008, allegedly due to said condition; (4) Del-Valle was a teacher at the School until August 1, 2007; (5) she began to feel "pressured" by the "administration;" (6) unidentified persons made unidentified comments; (7) she quit her job.

## The Motion and Opposition

Defendants raise as grounds for dismissal plaintiffs' failure to allege: (1) that Del-Valle comes within any of the protected classes under civil rights legislation or the American with Disabilities Act (ADA), or supplemental Law 100; and (2) that Víctor Jr.'s claim applies only to public schools; that Carib Christian School is a private school that receives no federal funds; and(4) that the public accommodations claim exempts religious organizations.

The vague and disorganized complaint fails to meet the minimum requirements of Iqbal. With respect to the federal "claims" the jurisdictional "statement" avers only that "[t]his court has jurisdiction pursuant to 28 USC 1331 and Section 1343 and 20 USC 1706." (¶1.) No causes of action are identified, there are no alleged violations by the specific defendants, nor are specific facts identified as being related to the statutes purported to have been violated.  The complaint merely lists statutory sources on which they rely:

> 12. The actions of defendants are in violation of:  42 USC 1981(c) et seq.;
> Title VII of the Civil Rights Act as amended in 42 USC 2000(c) et seq.; 42

CIVIL 09-1826CCC                         4

>USC 12101 et seq.; 20 USC 1684 et seq.; 20 USC 1701 et seq.; Law No. 100 of June 30, 1959; 1 LPRA §501 and Article 1802 of the P.R. Civil Code. [2]

A large portion of plaintiffs' five-page opposition repeats the allegations of their complaint and recites the standard for granting a Fed.R.Civ.P. 12(b)(6) motion. At page 3 of the opposition plaintiffs argue

> "Plaintiff Del Valle has asserted her claim pursuant to Law No. 100 of June 1959, Article 1802 of the P.R. Civil Code as pled at paragraphs 5 &10-12. The claims arise under the District Court's supplemental jurisdiction and its discretionary powers. <u>Del Valle's claims arise also as violation of her federally protected rights under 42 USC 1981(c). et.seq.</u>

(Our emphasis.)

They conclude their opposition by stating:

> However, if the Court feels its jurisdiction has not been satisfied the most just, fair and least prejudice course of action is to order an amended complaint. We still feel this matter cannot be dismissed completely for <u>certain claims were not challenged</u>."

<u>Id.</u>, at 4. (Our emphasis.)

Del-Valle identifies those "claims" at page three: "Defendants do not address either the hostile working environment nor the constructive discharge."

### I. Claim under 42 U.S.C.§ 1981(c)

Title 42 U.S.C. §1981(c) of the Civil Rights Act states, "The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."

Subsection (a) states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce

---

[2] Title 1 L.P.R.A. §501 is merely a list of definitions and has no place in this complaint. Plaintiffs have carelessly referred to §2000c as "Title VII." Inasmuch as page 3 of their opposition identifies Del-Valle's claims arising only under 42 U.S.C. §1981(c), et. seq., Law 100, and Article 1802, the correct section would be Title IV.

CIVIL 09-1826CCC                              5

>           contracts, to sue, be parties, give evidence, and to the full and
>           equal benefit of all laws and proceedings for the security of
>           persons and property <u>as is enjoyed by white citizens</u>, and shall
>           be subject to like punishment, pains, penalties, taxes, licenses,
>           and exactions of every kind, and to no other.

(Our emphasis.)

As is evident, Section 1981 prohibits discrimination due to race. <u>Cordero-Jiménez v. University of Puerto Rico</u>, 371 F. Supp. 2d 71, 74 (D. Puerto Rico 2005). The section has been interpreted to also protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics. <u>Saint Francis College v. Al-Khazraji</u>, 481 U.S. 604, 613 (1987). Del-Valle's assertions of "pressure from the administration" " innuendos and comments made about her" "hostile working environment," and "constructive discharge" can in no way squeeze her into one of these protected classes. Therefore, her federal claim under §1981 is DISMISSED.

## II. Claim under 42 U.S.C. §2000c, et seq.

Title IV of the Civil Rights Act of 1964, 42 U.S.C. §2000c, et seq., as amended, addresses discrimination in public education. Defendants argue that §2000c does not apply to the School because it is a private school that receives no public funds.

Section 2000c(c) defines "Public School" as follows:

>           "Public school" means any elementary or secondary educational
>           institution,. . .   provided that such public school ... is operated by a State,
>           subdivision of a State, or governmental agency within a State, operated wholly
>           or predominantly from or through the use of governmental funds or property,
>           or funds or property derived from a governmental source.

At page 4 of their opposition, plaintiffs states that, if allowed to amend the complaint, they would aver that the School is a recipient of federal financial assistance.[3] There is more to

---

[3] A contingent request for leave to amend made in an opposition to a motion to dismiss does not qualify as a motion to amend. <u>Fisher v. Kadant, Inc.</u>, 589 F.3d. 505, 510

CIVIL 09-1826CCC                              6

plaintiffs' deficiency in pleading this cause of action than the matter of federal financing, however. Plaintiffs have failed to consider the scope of Title IV's protection, which prohibits discrimination based only on race, color, religion, sex and national origin. See, e.g., 42 U.S.C. §2000c(b) (". . . without regard to their race, color, religion, sex or national origin..."); §2000-9 (nothing in this subchapter shall prohibit classification and assignment for reasons other than race, color, religion, sex or national origin). Plaintiffs' allegations rest Víctor Jr.'s federal claims on his medical condition. In their opposition to the dismissal motion, they do not allude to any facts that would place the boy in one of the protected groups. Therefore, Víctor Jr.'s claim under 42 U.S.C. §2000c is also DISMISSED.

### III. Claim under Americans with Disabilities Act

Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §12101, et seq., provides for equal opportunities for persons with physical or mental disabilities. One of its purposes is to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities. (§12101(b)(1)). The three basic elements required for protection by Title III of the ADA are identified as: (1) "discrimination" on the basis of (2) a "disability" in (3) a "place of public accommodation." <u>Disabled Americans for Equal Access, Inc. vs. Compra Hospital Pavía, Inc.</u>, 2004 WL 5568603 *6 (D. Puerto Rico 2004). We must therefore assume, once more, that plaintiffs invoked this section as applicable to Víctor, Jr.

---

(1st Cir. 2009).

>  [A]llowing plaintiffs to hedge their bets by adding a cursory contingent request in an opposition to a motion to dismiss would encourage plaintiffs to test the mettle of successive complaints and freely amend under Rule 15(a) if their original strategic choices prove inadvisable.

<u>Id</u>.

CIVIL 09-1826CCC                                    7

Within the meaning of the ADA, in the context of the facts of this case, "[t]he term "disability" means, with respect to an individual, a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. §12102(1)(A).  Rivera Concepción v. Puerto Rico, 682 F. Supp. 2d 164, 176 (D. Puerto Rico 2010).  Section 12182 protects individuals with disabilities from discrimination in public accommodations that are owned, operated or leased by private entities.  Sánchez v. ACAA, 247 F.2d 61, 67 (D. Puerto Rico 2003).  Section 12181(7)(J) identifies "a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education" as a private entity that is considered a "public accommodation" for purposes of Title III.

Albinism, however, does not constitute a disability within the meaning of the Americans with Disabilities Act.  Baker v. Greyhound Bus Line, 240 F. Supp. 2d 454, 455 (D. MD. 2003).  It does not appear to be a "cosmetic disfigurement" within the meaning of the definition of "physical or mental impairment" within the Justice Department's ADA regulations.  Id.  Moreover, even if it were, plaintiffs' complaint contains no allegation that suggests that Víctor Jr. is limited in any way whatsoever in any major life activity.  Therefore, the claim under Title III of the ADA does not proceed.

**IV. Claim under 20 U.S.C. § 1684**

20 U.S.C. §1684, which is part of Title IX of the Equal Educational Opportunities Act, (EEOA) provides:

> No person in the United States shall, on the ground of blindness or severely impaired vision, be denied admission in any course of study by a recipient of Federal financial assistance for any education program or activity, but nothing herein shall be construed to require such institution to provide any special services to such person because of his blindness.

CIVIL 09-1826CCC                                         8

While plaintiffs have pled Víctor, Jr.'s albinism, they have not alleged that he is blind or has any visual impairment, which is an essential element of the cause of action. Their observation that financial assistance to the school would be an issue fact unsuitable for resolution by a Rule 12(b)(6) motion is only one side of that coin, federal funding to the school is also an element of the claim which must be plead in the complaint through allegations of fact.[4] It is the plaintiffs, however, who are obliged to set forth in their complaint factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery some actionable legal theory.[5] Otero v. Commonwealth of Puerto Rico Indus. Com'n., 441 F.3d. 18 (1st Cir. 2006). In order to state a claim under this statute, plaintiff must plead the following essential elements: First, that the School receives federal financial assistance; (2) that the plaintiff suffers from blindness or severely impaired vision; and (3) that denial of admission was due to that blindness or severely impaired vision.

As to this cause of action, plaintiffs have pled only that Víctor, Jr. was denied admission to the school, allegedly because of his albinism. None of the essential elements of this cause of action are pled in the complaint. Plaintiffs have not averred that Víctor, Jr. suffered from blindness or has a visual impairment in either the complaint before us or their state court complaint. Nor is it mentioned by either party in the motion to dismiss or the opposition.

---

[4] Plaintiffs' offer to amend appears motivated more by the desire to add magic words that will keep their claims alive, rather than to plead facts for which they have evidentiary support.

[5] We note, at this juncture, that defendants, in a separate Opposition to Motion for Leave to Amend the Complaint (docket entry 19) have argued against allowing such an amendment claiming that the School received no federal funds and have included supporting evidence. While plaintiffs offered to amend their complaint, they did not identify any factual support for such an amendment, nor did they file a motion to amend.

CIVIL 09-1826CCC                                          9


Plaintiffs having failed to plead any of the elements constituting a cause of action under 20 U.S.C. §1684, this claim is also DISMISSED.

### IV. Claim under 20 U.S.C. §1701, et seq.

The remaining federal claim is also brought under the EEOA.  20 U.S.C. §1701 contains Congress" declaration of policy at subsection (a):

> The Congress declares it to be the policy of the United States that–(1) all children enrolled in public schools are entitled to equal educational opportunity without regard to race, color, sex, or national origin; and (2) the neighborhood is the appropriate basis for determining public school assignments.

(Our emphasis.)

We go no further; there are no allegations in the complaint that support a cause of action under  this provision, and therefore this claim is also DISMISSED.

For the above-stated reasons, all federal claims having been dismissed, defendants' Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted (**docket entry 14**) is GRANTED.  The federal claims are DISMISSED, with prejudice.  The claims under Puerto Rico law are DISMISSED, without prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on June 29, 2010.

                                                S/CARMEN CONSUELO CEREZO
                                                United States District Judge